DORA HUCKSTEP, Respondent, v. ST. LOUIS AND HANNIBAL RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, July 2, 1912.**

1. **COMMON CARRIERS: Injury to Passenger: Contract Against Liability: Pass.** A contract by a carrier of passengers, relieving it from liability for any consequences of its own negligence, is ineffectual for that purpose, even though the passenger with whom the contract was made was carried on its trains on a free pass.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Geo. A. Mahan* and *J. D. Hostetter* for appellant.

A railroad company is not liable for injuries resulting from ordinary negligence to an individual whom it permits to ride without charge on condition that he takes all the risk of such negligence. Adams v. Railroad, 192 U. S. 440; Rogers v. Railroad Co., 5 L. R. A. 491; Quinby v. Railroad, 5 L. R. A. 846; Griswold v. Railroad, 55 Am. Rep. 115; Kinney v. Railroad, 3 Am. Rep. 265; Payne v. Railroad, 56 L. R. A. 472; Muldoon v. Railroad, 22 L. R. A. 794; Boering v. Railroad Co., 193 U. S. 742.

*J. B. Jones, W. O. Gray* and *Elliott W. Major* for respondent.

(1) A person riding on a free pass sustains the relation of passenger to the carrier and in an action for personal injuries received in transit by reason of the negligence of the defendant, such person's rights are the same as if such person had paid the usual fare for passage. Young v. Railroad, 93 Mo. App. 73; Buck v. Railroad, 46 Mo. App. 564; Wagner v. Railroad, 97 Mo. 512; Whitehead v. Railroad, 99 Mo. 263; Willmott

v. Railroad, 106 Mo. 535. (2) The carrier can-not in this state, by contract or agreement, stipulate against its own negligence, and this rule in its application to carriers of passengers has never been relaxed. Jones v. Railroad, 125 Mo. 676; Tibby v. Railroad, 82 Mo. 301; Carroll v. Railroad, 88 Mo. 239; Mellor v. Railroad, 105 Mo. 460; Bryan v. Railroad, 32 Mo. App. 228.

CAULFIELD, J.—This is an action by the plaintiff, Mrs. Huckstep, a married woman of the age of thirty-nine years, to recover damages for personal injuries sustained by her while a passenger on one of the defendant's passenger coaches traveling between Bowling Green and Hannibal on the 7th day of September, 1905, by the derailment of a coach, caused by rotten ties, and its overturning and dropping some ten feet down a steep, rocky embankment at a point this side of Frankford. The coach in its fall completely turned "turtle," landing upsidedown in a creek bed, whereby the plaintiff, who weighed one hundred ninety pounds, was greatly and permanently injured, especially in her nervous system. The trial of the case resulted in a verdict for the plaintiff in the sum of $3000, and judgment being rendered thereon, the defendant has duly prosecuted its appeal to this court.

There is no question raised upon this appeal but that the facts shown in evidence established a prima facie case of negligence, causing plaintiff's injury, against the defendant; nor is any point made as to the giving or refusing of instructions or the admission or exclusion of evidence; but the defendant contends that the trial court erred in striking from its answer a plea to the effect that when plaintiff was injured she was riding on a pass, which contained conditions accepted by the plaintiff whereby she voluntarily assumed all risk of accidents and damages and expressly agreed that the defendant should not be regarded as

a common carrier nor as liable to her for injuries to her person, whether caused by the negligence of the company's agents or otherwise. Defendant's theory in making this contention is that while a common carrier of passengers may not contract against the consequence of its own negligence with a passenger for hire, it may do so with one riding on a free pass. This very contention and theory were carefully and well considered and decided adversely to the defendant by the Kansas City Court of Appeals in the case of Bryan v. Mo. Pac. Ry. Co., 30 Mo. App. 228. We regard that decision as sound and consistent with the general tendency of the decisions in this state, and see no reason for conflicting with it. The point is ruled against the defendant and the judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.